[Civ. No. 8073. Second Appellate District, Division One.—November 1, 1934.]

C. I. MACFARLANE, Appellant, v. ROBERT FAULKNER et al., Respondents.

Bordwell, Mathews & Wadsworth and John H. Mathews for Appellant.

Jesse E. Jacobson and August J. O'Connor for Respondents.

HOUSER, J.—Plaintiff Macfarlane, doing business as Inyo County Abstract Company, issued a certificate of title by which it was shown that certain real property sold by defendants to the city of Los Angeles was free and clear of all encumbrances; when as a matter of fact, the county records showed an unsatisfied mortgage recorded against said real property that theretofore had been executed by defendants. The original mortgagees demanded payment of the note from the city of Los Angeles. Thereupon plaintiff demanded that the defendants, as the original makers of the note, pay the same, which defendants refused to do.

At the same time, defendants notified plaintiff that they were not obligated on said note. Whereupon, without then or ever obtaining an assignment to him of the rights of the city of Los Angeles in the matter, plaintiff paid the principal and accrued interest provided for in the note. This action was then brought by plaintiff to recover from the defendants the amount so paid.

On the trial of the action, judgment was rendered in favor of defendants; from which judgment plaintiff has appealed to this court. The record on appeal is presented solely on the clerk's transcript, which contains nothing other than the complaint, the answer, the findings of fact and conclusions of law, the judgment, the notice of appeal, and the necessary official and other certificates of verity, etc. In other words, no bill of exceptions is presented; nor has any reporter's transcript of the evidence received on the trial been filed herein; nor, indeed, does the brief of appellant purport to contain any specification of errors asserted to have been committed by the trial court in the conduct of the trial, or otherwise. In his ''argument'', appellant submits ''that there is but one point presented on this appeal, namely, is the plaintiff, under the circumstances of this case, entitled in equity or otherwise to judgment against the defendants for the amount that plaintiff paid in order to clear off a mortgage against certain real property sold by defendants to the city of Los Angeles. . . . ''

In the existing circumstances, all findings of fact made by the trial court must be deemed to have been fully supported by the evidence; and it becomes evident that if such findings of fact support the judgment, the order of this court must be an affirmance thereof. In that connection, the pertinent and essential findings by the trial court are:

''That it is true that plaintiff, prior to said payment, demanded the defendants to discharge said note and mortgage; that defendants refused so to do; that defendants notified plaintiff, prior to said payment, that defendants were not obligated on said note.''

And among the ''conclusions of law'' are certain other facts which may be regarded as mixed findings of law and fact, to wit:

''That plaintiff was negligent in searching the records of Mono county, California, and in certifying title to be.

vested in the city of Los Angeles free and clear of all encumbrances, . . .

"That there was no contractual relationship between the plaintiff and defendants either express or implied; that plaintiff paid said note and discharged said mortgage without the knowledge or consent, and against the will, of the defendants."

It therefore appears that in paying the amount due on the note plaintiff was but a volunteer, protecting the city of Los Angeles against an existing mortgage on property, which encumbrance, through his own error and negligence, plaintiff had certified was nonexistent. Especially in the absence of an assignment made of the rights (if any), which the city of Los Angeles had as against the defendants, no privity of contract existed as between plaintiff and defendants. Moreover, in the face of the "notification" by defendants to plaintiff "prior to said payment, that defendants were not liable on said note"; and that "plaintiff paid said note and discharged said mortgage without the knowledge or consent, and against the will, of the defendants",—no justification, either in law or in equity, is apparent on the side of the plaintiff. For aught that appears from the record herein (other than lack of consideration for the note), defendants may have had a complete defense to any action that might have been brought against them on account of said note and mortgage.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.